UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES ELLIS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 3:17-CV-308 JD |
| | ) |
| ST. JOSEPH COUNTY, JEROME FRESE, and JEFFREY L. SANFORD, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

James Ellis, Jr., a pro se prisoner, is attempting to sue St. Joseph County and two St. Joseph Superior Court judges based on judicial rulings during his State criminal proceedings. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Here, Ellis alleges that the judges made improper entries in his records and sentenced him incorrectly. However, a judge is entitled to absolute immunity for judicial acts regarding matters within the court's jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Ellis alleges that the judges acted illegally, but because their actions were within the jurisdiction of a State criminal court, they have judicial immunity. Though Ellis also sues St. Joseph County, it is not responsible for anything done by the two State court judges. *See* Indiana Code 33-38-12-4.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.") Such is the case here.

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim.

SO ORDERED.

ENTERED: May 17, 2017

                                                       /s/ JON E. DEGUILIO  
                                                       Judge  
                                                       United States District Judge